**FILED**

SEP 0 4 2015

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In re:

 VENESHIA M. VERNA,                                            Chapter 13
                                                              Case No. 14-10821
                             Debtor.
-------------------------------------------------------------

VENESHIA M.  VERNA,

                             Plaintiff,

          vs.                                                 Adv. Pro. No. 14-90036

U.S. BANK NATIONAL ASSOCIATION,

                             Defendant.
-------------------------------------------------------------

APPEARANCES:

LAW OFFICE OF CHRISTIAAN VAN NIEKERK PLL          Sandra Poland Demars, Esq.
*Attorneys for Veneshia Verna*
202 Union Street
Schenectady, New York 12305

STEIN, WIENER & ROTH, LLP                         Pranali Datta, Esq.
*Attorneys for U.S. Bank National Association*
1 Old Country Road, Suite 113
Carle Place, NY 11514

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

The matter before the court is a motion for partial summary judgment filed by Veneshia

Verna (hereinafter "Plaintiff") on the first count of her adversary complaint against U.S. Bank

National Association (hereinafter "Defendant" or "US Bank"), which challenges the validity of

Defendant's mortgage lien. The court's findings of fact and conclusions of law are set forth herein

pursuant Federal Rule of Bankruptcy Procedure 7052.[1]

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core

proceeding under 28 U.S.C. § 157(b)(2)(K).

## FACTS

The following facts, many of which are undisputed, are derived from the record before the

court, including Defendant's Counter-Statement of Facts (Def.'s R. 7056 Counter-St.),[2] Exhibits A

and B to Defendant's supplemental memorandum of law (Ex.'s to Def.'s Supp. Mem.), the record

of the hearing held on January 29, 2015 (Hr'g R., Jan. 29, 2015),[3] the transcript of the hearing held

on March 26, 2015 (Hr'g Tr., March 26, 2015), and certain evidentiary submissions filed by the

parties.

### 1. The Mortgage Lien

On or about August 17, 2007, Plaintiff executed a note evidencing a $149,651 loan from

First Alternative Mortgage Corp. (hereinafter "First Alternative") along with a mortgage against her

residence located at 20 Bevan Street, Cohoes, New York.[4]  The note contains two indorsements,

---

[1] All section references refer to title 11 of the United States Code, and all rule references are to the Federal Rules of Bankruptcy Procedure, unless otherwise noted.

[2] As Defendant points out, Plaintiff's statement of facts violates both the Federal and Local Bankruptcy Rules because it does not contain any citations to the record. Fed. R. Bankr. P. 7056; Local Bankruptcy Rule 7056-1. Thus, the court cannot accept as undisputed the facts set forth by Plaintiff and instead will rely upon Defendant's Counter-Statement of Facts and its own review of the record.

[3] The parties did not elect and the court did not direct the parties to obtain a transcript of the hearing held on January 29, 2015. The testimony referenced for that hearing is based upon the court's review of the electronic recording of the hearing.

[4] The mortgage documents provided by Defendant reference "Veneshia M. Smith" rather than "Veneshia M. Verna." Because neither party raised any issue in relation to this patent inconsistency, the court assumes Veneshia Smith and Plaintiff are one and the same.

one from First Alternative to US Bank, without recourse, and another from US Bank, in blank and
without recourse. (Def.'s R. 7056 Counter-St. Ex. A.)  First Alternative also indorsed an undated
allonge to the note, made payable to US Bank, without recourse. (Def.'s R. 7056 Counter-St. Ex.
B.)  The note went active on Defendant's filing system on August 29, 2007. *Id.*

The mortgage lists Plaintiff as the borrower, First Alternative as the lender, and Mortgage
Electronic Registration Systems, Inc. (hereinafter "MERS") as the nominee for First Alternative.
On February 17, 2010, Plaintiff entered into a loan modification agreement with US Bank, wherein
the parties agreed MERS would act as nominee for US Bank (hereinafter "Modification
Agreement"). (Def.'s R. 7056 Counter-St. Ex. C.)  The Modification Agreement was filed with the
Albany County Clerk on June 30, 2010. *Id.*  On May 27, 2011, the mortgage was assigned from
MERS, as nominee for First Alternative, to MERS, as nominee for US Bank. (Def.'s R. 7056
Counter-St. Ex. D.)  On the same day, the mortgage was subsequently assigned from MERS, as
nominee for US Bank, to US Bank. (Def.'s R. 7056 Counter-St. Ex. E.)  US Bank commenced a
mortgage foreclosure action against Plaintiff in November 2012 based upon Plaintiff's failure to
make her mortgage payments.

### 2.  The New Evidence

On April 15, 2014, Plaintiff filed her chapter 13 petition, which stayed Defendant's
foreclosure action.  On schedule D of her petition, Plaintiff lists Defendant as a partially secured
creditor holding a disputed claim.  Plaintiff's proposed plan treats Defendant's claim as unsecured
and indicates her intent to challenge Defendant's lien.  On August 14, 2014, Plaintiff commenced
this adversary proceeding by filing a complaint containing two counts.  The first count challenges
the validity of Defendant's mortgage lien based on allegations relating to certain mortgage
assignments and the separation of rights in the note and mortgage.  The second count disputes the

3

amount Defendant claims it is owed under the note on its proof of claim. The complaint includes no

claims or allegations challenging Defendant's rights in the note. On January 29, 2015, the court

held an adjourned pre-trial conference at which the parties agreed discovery was closed. (Hr'g R.,

Jan. 29, 2015.)

On March 5, 2015, Plaintiff filed the instant motion for summary judgment on the first count

of her complaint. In support of her motion, Plaintiff adds a new cause of action to her first count,

arguing Defendant lacks rights in the mortgage by virtue of its lack of any rights in the underlying

note. Specifically, Plaintiff alleges Defendant's discovery responses fail to demonstrate its holder

rights in the note and, according to Plaintiff, without any such rights in the note, Defendant cannot

have rights in the corresponding mortgage ("New Cause of Action"). Throughout discovery,

Plaintiff made four requests relating to the note: two interrogatories and two demands for

documents.

Plaintiff's first interrogatory sought the specific location of the note as of November 15,

2012, the date Defendant commenced its state court foreclosure action. Defendant responded that it

could not provide the specific location of the note as of November 15, 2012, "other than that the

note was in the physical possession of Defendant's officers, directors, employees, or other agents."

(Ex. B to Def.'s Supp. Mem.) Plaintiff's second interrogatory asked Defendant to "[s]tate the date

which [it] took physical possession of the original Note, from what entity it received the Note, and

how much it paid for the Note." (Ex. A to Def.'s Supp. Mem.) Defendant responded: "[t]he

origination date of the Note was August 17, 2007, and the loan went active on the Defendant's

system August 29, 2007. Upon information and belief the Note came into the Defendant's physical

possession on or between those dates." (Ex. B to Def.'s Supp. Mem.) Plaintiff's demand for

documents requested Defendant "[p]rovide a first generation copy of the original Note and all

4

original Allonges to the Note, and state the location at which the copy was made, and by whom."

(Ex. A to Def.'s Supp. Mem.)  In response, Defendant provided a copy of the note and allonge.

Plaintiff also requested Defendant provide evidence of the physical transfer of the original note

from origination to its current location.  Defendant's response included various documents related

to the loan.  Along with each of its responses, Defendant raised several objections, including, *inter

alia*, objections to the scope and relevancy of Plaintiff's requests.  (Ex. B to Def.'s Supp. Mem.)

        In Defendant's response to Plaintiff's motion, Defendant produced certain evidence it had

not provided in discovery.  In particular, Defendant's new evidence consists of affidavits of US

Bank employees which track US Bank's receipt and continued possession of the note, an

affirmation of Defendant's attorney attesting to her physical possession of the note, and a copy of

the note certified by Defendant's attorney (collectively, "New Evidence").  The affirmation of

Defendant's attorney indicates the original note was delivered to her by Defendant on December 30,

2014.

**ARGUMENTS**

        Plaintiff makes three arguments in support of her motion.  First, Plaintiff argues Defendant's

mortgage is invalid due to the separation of ownership rights in the note and mortgage.  Plaintiff

asserts the ownership rights in the mortgage and note were fatally separated when the note was

conveyed from First Alternative to Defendant while the mortgage remained with MERS, as

nominee for First Alternative.[5]  According to Plaintiff, this separation of ownership rights in the

note and mortgage, such that one entity owned the note at a time when another entity owned the

mortgage, necessarily and permanently invalidated the mortgage.

---

[5] Plaintiff offers no argument or evidence relating to how the ownership rights in the note and
mortgage separated.  Rather, it appears Plaintiff argues the separation of ownership rights occurred
automatically when the note and mortgage were physically separated.

5

Plaintiff next argues defects in each of the written mortgage assignments dated May 27, 2011 resulted in Defendant acquiring no rights in the mortgage. In support of this theory, Plaintiff alleges the written assignment from MERS, as nominee for First Alternative, to MERS, as nominee for US Bank, is defective on its face because it was notarized in Kentucky, the home of the assignee, not the assignor. Plaintiff also argues both of the May 27, 2011 written assignments are invalid because they were each signed by the same individual. Alternatively, Plaintiff argues the written assignments are invalid because they are each dated three years after the date of the Modification Agreement. Plaintiff argues these purported deficiencies resulted in Defendant never receiving any rights in the mortgage.

In response to Plaintiff's first two arguments, Defendant contends MERS never took an ownership interest in the mortgage because it was merely a nominee for the lenders. Therefore, according to Defendant, the ownership rights in the mortgage and note never separated. Defendant further argues any purported defects in the mortgage assignments became irrelevant once it demonstrated its holder rights in the note since, as a matter of New York law, the mortgage is deemed to follow the note.

Plaintiff's third argument supports the New Cause of Action, which challenges the validity of Defendant's mortgage lien based on its alleged lack of holder rights in the note. Plaintiff asserts without rights in the note, Defendant cannot have rights in the corresponding mortgage. According to Plaintiff, to prove holder status, one must demonstrate it has possession of a properly indorsed negotiable instrument and that it received the instrument through physical delivery. Plaintiff argues Defendant's discovery responses do not adequately demonstrate it received the note through physical delivery, or that it currently possesses the note. To the extent Defendant's New Evidence addresses these issues, Plaintiff argues the New Evidence should be excluded under Rule 7037

6

because the New Evidence consists of documents that were sought in discovery but were submitted only after the discovery deadline had lapsed. Conceding she did not file a motion to compel pursuant to Rule 7037, Plaintiff argues such a motion was not warranted in this case, as the New Evidence contradicts, rather than supplements, Defendant's discovery responses.

Defendant counters it has provided sufficient evidence to demonstrate its status as holder or, alternatively, assignee with the rights of a holder. Defendant argues the New Evidence demonstrates its physical possession of a note indorsed in blank, which proves its *prima facie* holder status, and that Plaintiff has failed to introduce any admissible evidence in rebuttal. Alternatively, Defendant avers it has demonstrated its status as an assignee with the rights of a holder based upon its physical possession of the note and its receipt of the note through physical delivery.

Defendant argues the court should consider its New Evidence because, contrary to Plaintiff's contention, its responses to Plaintiff's discovery requests do in fact demonstrate its possession of the note on the date the state foreclosure action commenced, which was the only date requested by Plaintiff. Therefore, according to Defendant, Plaintiff has no basis to question its possession of the note. Defendant also argues the New Evidence should be admitted because it was only submitted in response to the New Cause of Action. Defendant argues Plaintiff violated Rule 7015 when she added the New Cause of Action to her motion without first obtaining leave to amend her pleadings.

## DISCUSSION

A court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The movant bears the initial burden of demonstrating that no genuine dispute exists as to any material fact. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241,

244 (2d Cir. 2004). A fact is material only if its resolution would affect the outcome of the

adversary proceeding. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). A genuine

factual dispute exists when "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91

L. Ed. 2d 202 (1986). "In determining whether a genuine issue of material fact exists, a court must

resolve all ambiguities and draw all reasonable inferences against the moving party." *Webster v.*

*City of New York*, 333 F. Supp. 2d 184, 193 (S.D.N.Y. 2004). If the movant meets its initial burden,

in order to defeat summary judgment, the non-movant must offer sufficient evidence to demonstrate

the existence of a genuinely disputed material fact. *Anderson*, 477 U.S. at 248. The non-movant

must set forth specific facts that show there are triable issues and cannot rely merely on pleadings

containing allegations or denials. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). If the facts are "so one-sided that one party must prevail as a matter of law,"

then summary judgment should be granted. *Anderson*, 477 U.S. at 248.

A ruling on Plaintiff's summary judgment motion requires a determination of Defendant's

rights in the subject mortgage. In determining property rights, unless some federal interest requires

otherwise, bankruptcy courts look to state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct.

914, 918 (1979); *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450, 127

S. Ct. 1199, 1204-05 (2007). Accordingly, in determining Defendant's rights in the mortgage, the

court will follow New York law.[6]

## ANALYSIS

Prior to considering the parties' substantive arguments, the court must address the

procedural issue relating to the New Evidence. For the reasons stated below, the court finds the

---

[6] The parties agree New York law controls this dispute.

New Cause of Action, which arose in Plaintiff's motion for summary judgment to the surprise of

both the court and Defendant, violates Rule 7015.[7] Due to the circumstances of this case, the court

will nevertheless rule on Plaintiff's New Cause of Action and in doing so, it will consider the New

Evidence.

Plaintiff's complaint does not provide any indication that she disputes Defendant's rights in

the note, nor could it reasonably be inferred at the time Plaintiff filed her complaint that such

dispute would arise over the course of the proceeding.[8] Rather, any challenge to Defendant's rights

in the note constitutes a cause of action entirely unrelated from those comprising Plaintiff's

complaint. Therefore, it is clear to the court, as it should have been to Plaintiff, that the issue

Defendant conducted its discovery around relates only to its rights in the mortgage, not its rights in

the note. Accordingly, Plaintiff violated Rule 7015 when she *nunc pro tunc* augmented the scope of

---

[7] Federal Rule of Civil Procedure 15, as made applicable to these proceedings by Rule 7015, provides, in part:

    (a) **Amendments Before Trial.**

    (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

[8] Plaintiff's lack of objection to Defendant's rights in the note is further evidenced by her willingness to pay the debt arising under the note as an unsecured claim in her proposed plan. Moreover, and more importantly, the second count of Plaintiff's complaint evidences her belief at the time she filed her complaint that she was obligated under the note, and disputed only the amount of her obligation reflected on Defendant's proof of claim.

her pleadings by including the New Cause of Action within her summary judgment motion without first obtaining Defendant's consent or the court's leave. *See* Fed. R. Bankr. P. 7015.

Having found a violation of Rule 7015, the question to follow is whether the court should nevertheless exercise its discretion to rule on the New Cause of Action, and if so, whether it should consider the New Evidence. *See* Fed. R. Bankr. P. 7015. In this case, the parties were given the opportunity to submit briefs in response to Plaintiff's objection to the admission of the New Evidence. Plaintiff's only argument supporting her objection is that the New Evidence is inadmissible because it was submitted after the discovery deadline had lapsed. Because up until the filing of her motion, Plaintiff provided no indication that she disputed Defendant's rights in the note, and then effectively blindsided Defendant with her New Cause of Action, it is clear that any risk of prejudice arising from the court's consideration of the New Cause of Action falls on Defendant, not Plaintiff. Defendant contends, however, that the New Evidence is dispositive on the issue. Moreover, Plaintiff is not at all prejudiced by the court's consideration of the New Evidence since the New Evidence relates only to the New Cause of Action and does not support any of the original causes of action contained in her complaint. Thus, finding no prejudice to either party, the court has little hesitation overlooking Plaintiff's Rule 7015 violation and ruling on the New Cause of Action. In doing so, it will consider the New Evidence.

1.  **The Note**

A holder is "[a] person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." N.Y. U.C.C. Law § 1-201 (McKinney 2015). An individual demonstrates their holder status by proving they have possession of a negotiable instrument and that the instrument is indorsed in their name, in blank, or to bearer. *See Mortgage Elec. Registration Sys., Inc. v. Coakley*, 838 N.Y.S.2d 622, 623 (App. Div. 2007);

10

*Dowland v. JPMorgan Chase Bank, N.A.*, 2012 WL 1392549, at *2 (S.D.N.Y. Apr. 23, 2012);

*Caraballo v. Homecomings Fin.*, 2014 WL 2117225, at *4 (S.D.N.Y. May 21, 2014).  Once an

individual has proven their status as holder, they have the right to enforce their negotiable

instrument, subject to any claims and objections arising under N.Y. U.C.C. §§ 3-306 and 3-307.

Moreover, a holder is entitled to a presumption of ownership, which means any party objecting to a

holder's rights in a negotiable instrument faces the initial burden of proof on their objection.  N.Y.

U.C.C. §§ 3-306 & 3-307; Official Comment 2 to N.Y. U.C.C. § 3-307.

In this case, Defendant has established itself as the holder of the note.  In particular,

Defendant's holder status is evidenced by its attorney's affirmation, which establishes its possession

of the original note, and the certified copy of the original note indorsed in blank, which shows the

note is bearer paper.  *See* N.Y. U.C.C. §§ 1-201 & 3-307.  As the holder, Defendant has the right to

enforce the note, subject to any defenses raised by Plaintiff.  N.Y. U.C.C. §§ 3-306 & 3-307.  Other

than her allegations challenging Defendant's possession of the note, Plaintiff raises no factual

objections to Defendant's holder status, nor does the record reflect any material questions of fact

relating to Defendant's holder rights.  Therefore, as a matter of law, the court finds Defendant holds

the note.

Plaintiff argues to prove its holder status, in addition to demonstrating its physical

possession of the properly indorsed note, it was incumbent upon Defendant to also provide specific

details relating to the physical delivery of the note.  The simple answer to Plaintiff's contention is

that the physical delivery requirement does not apply to holders,[9] but only to assignees with the

---

[9] In the context of mortgage foreclosure actions, while holders are not subject to the physical delivery requirement, they still must be able to demonstrate they received their rights in an instrument prior to their commencing the action. *See Coakley*, 838 N.Y.S.2d at 623.  In this case, however, the date upon which Defendant gained possession of the note is not at issue because Defendant is not seeking to foreclose its mortgage.  Rather, in determining the validity of

11

rights of either holders or owners.[10]  Upon review of Plaintiff's cited caselaw, however, it has

become apparent that certain courts do not distinguish among the three types of rights and apply the

physical delivery requirement to their holder analysis.  *See Deutsche Bank Nat. Trust Co. v.*

*Whalen*, 969 N.Y.S.2d 82, 84 (App. Div. 2013); *Citimortgage, Inc. v. Stosel*, 934 N.Y.S.2d 182, 183

(App. Div. 2011).  Moreover, as the court in *Bank of New York Mellon v. Deane* pointed out, the

failure to distinguish among the three types of potential rights in mortgage notes is not uncommon.

*See* 970 N.Y.S.2d 427, 433 (Sup. Ct. 2013).  Because the requirements for proving and disputing

rights of a holder, assignee with the rights of a holder, and assignee with the rights of an owner are

each different,[11] those decisions that conflate the three types of rights tend to improperly augment

---

Defendant's mortgage lien, the question for this court is not whether Defendant gained possession
of the note at any particular time in the past, but instead, whether the undisputed facts now before
the court demonstrate it would have standing to foreclose at any given time in the future.
[10] The term assignee can be misleading since New York courts have come to use it in a manner that
contemplates not only the traditional assignment of ownership rights, but also the transfer of holder
rights. For mortgage notes, in addition to ownership rights, individuals may also have holder rights
under the UCC. Holder rights are conveyed through transfers or negotiations. A negotiation vests
the party acquiring the note with rights of a holder. N.Y. U.C.C. § 3-202. Alternatively, a transfer
vests the transferee with only those rights of the transferor, as do assignments of ownership rights.
*See* N.Y. U.C.C. § 3-201; Official Comment 8 to N.Y. U.C.C. § 3-201. Because the UCC does not
define the types of conveyances that constitute a valid transfer, New York courts have filled in the
UCC's gaps by equating 'transfer' with 'assignment.' Thus, under New York common law,
'physical delivery' is a requisite form of conveyance, along with 'written assignment,' for either the
assignment of ownership rights or the transfer of holder rights, and New York courts tend to refer to
each of these conveyances as assignments. *See Bank of New York v. Silverberg*, 926 N.Y.S.2d 532,
536-38 (App. Div. 2011). Because the UCC establishes the requirements for negotiation, N.Y.
U.C.C. § 3-202, the common law's assignment analysis simply does not apply to negotiations and,
indeed, could not, as the common law is preempted by the UCC. *See* N.Y. U.C.C. § 1-103; Official
Comment 2 to U.C.C. §1-103. Therefore, throughout this decision, unless provided otherwise, the
court's use of 'assignment' encompasses both the assignment of ownership rights and the transfer of
holder rights, but not to the negotiation of holder rights.
[11] The UCC governs the rights of holders and transferees with rights of holders and, between the
two, it establishes markedly different requirements for proving rights in instruments and objections
thereto. *See* N.Y. U.C.C. § 3-307; Official Comment 2 to U.C.C. § 3-307("[§ 3-307] applies only to
a holder, as defined in this Act (Section 1-201.) Any other person in possession of an instrument
must prove his right to it and account for the absence of any necessary indorsement. If he
establishes a transfer which gives him the rights of a holder (Section 3-201), this provision becomes

the substantive rights of either plaintiffs or defendants, and they disrupt the efficient marketplace for

mortgage notes created by the UCC. In this case, Defendant has demonstrated its *prima facie*

holder status by producing a properly indorsed note, and because Plaintiff has not met her burden of

disputing Defendant's status, Defendant is entitled to enforce the note. If the court were to now

require Defendant to also prove it received the note through physical delivery, it would effectively

invalidate a proper negotiation, in derogation of the scheme established by the UCC. Moreover, in

the future, Defendant might avoid making or receiving indorsements in blank or to bearer,[12] which

would restrict transferability and increase transactional costs. This type of judicial intervention is

expressly forbidden by the UCC. *Supra* note 10. Therefore, this court respectfully disagrees with

the line of cases that do not distinguish among holders, assignees with the rights of holders, and

assignees with the rights of owners. The UCC has established the scheme for proving holder rights,

and the judiciary is preempted from adding its own requirements.

## 2. The Mortgage

The remainder of Plaintiff's motion involves questions concerning certain assignments of

the subject mortgage. The question of law underlying Plaintiff's remaining arguments, however, is

settled among New York courts and weighs in favor of Defendant. Finding no factual barriers, the

---

applicable, and he is then entitled to recover unless the defendant establishes a defense."). As
mentioned, New York courts consistently hold physical delivery or written assignment constitute
sufficient forms of assignment of ownership rights or transfer of holder rights. *Supra* note 10.
Between the two types of assignees, however, the assignee proving it received ownership rights
must demonstrate it received the note from someone with ownership rights, and the corollary
applies for one proving they acquired holder rights.
[12] The court will discuss *Aurora Loan Servs., LLC v. Taylor*, N.Y.3d 355 (2015) in greater detail
below. In *Taylor*, the Court of Appeals addressed the requirements for mortgage note assignments
in the context of ownership rights, and therefore, much of the Court's analysis is not instructive
here. However, it is worth noting that the *Taylor* Court held the physical delivery requirement was
satisfied by a note bearing specific indorsements that tracked the note's chain of custody from its
origination. *See Taylor*, 25 N.Y.3d at 362.

court therefore concludes as a matter of law that because Defendant holds the note, it also owns the incidental mortgage.

The longstanding and well-established law in New York, which has recently been affirmed by the New York Court of Appeals in *Taylor*, is that a holder's or assignee's rights in a mortgage note arise in the note, not in the mortgage. *See* 25 N.Y.3d 355. This enduring principle was long ago recited by the United States Supreme Court as follows: "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 83 U.S. 271, 274, 21 L. Ed. 313 (1872); *see Silverberg*, 926 N.Y.S.2d at 537 (citing *Carpenter*, 83 U.S. 271). In *Taylor*, the Court of Appeals reaffirmed this rule, while also including the narrow caveat that parties to an assignment may agree that the assignor retain its mortgage, and assign only the note.[13] *Taylor*, 25 N.Y.3d at 361-62. Thus, in New York, the rule is: the mortgage follows the note as an inseparable incident, absent an agreement among parties to an assignment that the assignor retain its rights in the mortgage. *Taylor*, 25 N.Y.3d at 361-62; *see Carpenter*, 83 U.S. at 274; *Merritt v. Bartholick*, 36 N.Y. 44, 45 (1867); *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 91 (2d Cir. 2014); *Silverberg*, 926 N.Y.S.2d at 537; *Flyer v. Sullivan*, 134 N.Y.S.2d 521 (App. Div. 1954); *Goettlicher v. Wille*, 134 N.Y.S. 977, 978 (Sup. Ct. 1912) *aff'd*, 141 N.Y.S. 1121 (App. Div. 1913); *U.S. Bank Nat. Ass'n v. Dellarmo*, 942 N.Y.S.2d 122, 124-25 (App. Div. 2012); *U.S. Bank, N.A. v. Adrian Collymore*, 890 N.Y.S.2d 578, 580 (2009); *Coakley*, 838 N.Y.S.2d at 623; *Caraballo*, 2014 WL 2117225, at *3-4; *Deane*, 970 N.Y.S.2d at 432. The mortgage is deemed to follow the note whether the rights conveyed are those of a holder, under the UCC, or of an owner,

---

[13] The court makes no ruling on the legal effect of such a transfer, it only points out that following *Taylor*, parties are free to enter into such agreements. *See Taylor*, 25 N.Y.3d at 361.

14

according to New York common law. *See Silverberg*, 926 N.Y.S.2d at 536-39; *Coakley, 838 N.Y.S.2d at 623*; *Caraballo*, 2014 WL 2117225, at *3-4; *Deane*, 970 N.Y.S.2d at 432.

In this case, Plaintiff does not allege, nor does the record reflect, any agreement between First Alternative and Defendant to assign the note without the mortgage.[14]  Instead, Plaintiff disputes the enforceability of Defendant's mortgage only to the extent of alleged defective assignments and the purported automatic separation of rights upon the physical separation of the note and mortgage.  However, New York law is clear that absent a contrary agreement of the parties to an assignment, the mortgage, regardless of its actual journey, is deemed to follow the note.  *See Taylor*, 25 N.Y.3d at 361-62.  Without evidence of an agreement to assign the note without the mortgage, as *Taylor* and its predecessors instruct, the court deems the mortgage to reside with the note.  *See id.*  Therefore, because Defendant holds the note, it follows as a matter of, if nothing else, legal fiction, that it also holds the incidental mortgage.

## CONCLUSION

For the reasons stated above, the first count of Plaintiff's adversary complaint is hereby dismissed.

It is SO ORDERED.

Dated: September 4, 2015
Albany, New York

/s/ Robert E. Littlefield, Jr.
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

---

[14] While the issue has not be placed before the court, in light of the Second Circuit's holding in *Rajamin*, it appears Plaintiff would lack standing to raise this objection.  *See* 757 F.3d at 85-90.